FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 20 2021

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL HURT**                                                                    **PLAINTIFF**

V.                         CASE NO. 4:21-CV-643-DPM

**RALPH'S PLUMBING & MORE LLC**                                   **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Michael Hurt, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against Ralph's Plumbing & More LLC, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.  Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including a reasonable attorney's fee, within the applicable statutory limitations period as a result of Defendants' failure to pay proper minimum and/or overtime compensation under the FLSA and the AMWA.

### II. JURISDICTION AND VENUE

3.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

This case assigned to District Judge Marshall
and to Magistrate Judge Ray

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, operating a plumbing business based in Pulaski County.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over the Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed by Defendants at their business located in the Eastern District of Arkansas.

8. The acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Michael Hurt is a citizen of the United States and a resident of and domiciled in the State of Arkansas. He was employed by the Defendants to work as a tradesperson in Defendant's plumbing business.

11. While employed by Defendants as a tradesperson Plaintiff was non-exempt from the requirements of the FLSA.

12. While employed by Defendants as a tradesperson Plaintiff was non-exempt from the requirements of the FLSA.

13. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

14. Defendant Ralph's Plumbing & More LLC ("the Company") is a domestic limited liability company registered to do business in the State of Arkansas, providing plumbing repair, installation, and inspections for residences and businesses.

15. The Company's registered agent is Ralph Gary Riley, who can be served at 1724 Leonard Dr., Jacksonville, AR 72076.

16. At all relevant times, the Company had a minimum of five (5) employees.

17. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, including but not limited to plumbing fixtures and hardware, at least some of which had been moved in or produced for interstate commerce.

18. Plaintiff was one such employee who engaged in handing, selling or otherwise working on goods or materials that had been moved in interstate commerce.

19. During the relevant time, the Company's annual gross volume of sales made or business done was not less than $100,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each calendar year.

### IV. FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21. Plaintiff held a job title of tradesperson for Defendant within the three years preceding the filing of the Original Complaint and was paid a salary.

22. Upon commencement of work for Defendants, Plaintiff did not sign any contract of employment setting forth his hours or wages. His annual compensation was not less than $400.00 per week nor more than $100,000.00 per year.

23. In performing services for Defendant, Plaintiff was not required to utilize any professional education relevant to his job duties.

24. Plaintiff's primary duty as a tradesperson was to install and repair plumbing equipment at residences and businesses.

25. Plaintiff was a classic hourly employee, spending his hours at work primarily performing skilled labor.

26. During the course of his employment, Plaintiff did not manage the Company or a customarily recognized subdivision of the Company.

27. Plaintiff did not select any employees for hire nor did he provide any training for any employee. Plaintiff had no ability to hire and fire any employee.

28. Plaintiff did not customarily or regularly direct the work of two or more other full-time employees.

29. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

30. Plaintiff always or almost always worked in excess of forty (40) hours per week during his tenure with Defendant.

31. Defendant did not pay an extra wage premium to Plaintiff for work in excess of forty hours per week.

## V. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

32. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Violation of the FLSA

33. Because Plaintiff was often required to work more than forty (40) hours per week for Defendants, Defendants violated the FLSA by failing to pay Plaintiff the overtime wages required under the FLSA.

34. Plaintiff did not qualify for any exemption from the overtime requirements of the FLSA throughout the period of time he worked for Defendants.

35. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as provided by the FLSA.

### B. Violation of the AMWA

36. Because Plaintiff was often required to work more than forty (40) hours per week for Defendants, Defendants violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

37. Plaintiff did not qualify for any exemption from the overtime requirements of the AMWA throughout the period of time he worked for Defendants.

38. Defendants violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

39.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as provided by the AMWA.

## VI.     PRAYER FOR RELIEF

40.     WHEREFORE, premises considered, Plaintiff Michael Hurt respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and the relating regulations of each;

B.      Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA, and the related regulations of each;

C.      Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and the relating regulations of each;

D.      Judgment for any and all civil penalties to which Plaintiff may be entitled;

E.      An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

F.      Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**Michael Hurt, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:   *Chris Burks*
      Chris Burks (ABN: 2010207)
      chris@wh.law